IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LUCAS HORTON, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:20-CV-3626-M-BH |
| | § | |
| NORTHCOAST WARRANTY | § | |
| SERVICES, INC., | § | |
|     Defendant. | § | Referred to U.S. Magistrate Judge[1] |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Before the Court is the plaintiff's opposed *Notice of Voluntary Dismissal Without Prejudice*, filed February 24, 2021 (doc. 9). Based on the relevant filings and applicable law, the notice should be liberally construed as a motion to dismiss and **GRANTED.**

### I.  BACKGROUND

On November 10, 2020, Lucas Horton (Plaintiff) filed this *pro se* action against Northcoast Warranty Services, Inc. (Defendant) for violations of the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227 *et seq.* and Texas Business and Commerce Code § 305.053, in state court. (*See* doc. 1-1.)  He alleges that Defendant "or its proxies" called his cellular telephone repeatedly for purposes of selling an automotive warranty agreement despite lack of prior express consent by him for it "to place telemarketing calls to his phone number." (*Id.* at 6-7.)[2] On December 11, 2020, Defendant answered in the state case, and then removed it to federal court on the basis of federal question jurisdiction.  (*See* docs. 1, 1-8.)

Before filing this lawsuit, Plaintiff filed a similar action against SunPath, Ltd. (SunPath) in

---

[1] By *Standard Order 3-251*, this *pro se* case has been referred for full case management, including the determination of non-dispositive motions and issuance of findings of fact and recommendations on dispositive motions.

[2] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

state court on June 19, 2020, that was removed to federal court on July 16, 2020. (*See Horton v. SunPath, Ltd.*, 3:20-CV-1884-B (N.D. Tex. Jun. 19, 2020) (SunPath Case), docs. 1, 8.) It alleged that SunPath administered the same warranty agreement that was marketed to Plaintiff in this case, and that Defendant had acted as its agent when calling him. (*Id.*, docs. 8-1 at 5; 20 at 2; 32 at 3.) SunPath moved to dismiss the case for lack of personal jurisdiction, or alternatively, for failure to state a claim; it was recommended that the motion be granted in part and that Plaintiff's claims be dismissed without prejudice for lack of personal jurisdiction. (*Id.*, doc. 37 at 10.) The district court adopted the recommendation, and Plaintiff's claims against SunPath were dismissed without prejudice by judgment dated March 15, 2021. (*Id.*, docs. 45, 46.)

On February 24, 2021, Plaintiff filed a notice of voluntary dismissal under Fed. R. Civ. P. 41(a)(1)(A)(i), seeking to voluntarily dismiss this case without prejudice. (*See* doc. 9.) Defendant responded with its opposition to voluntary dismissal the same day, and Plaintiff replied on March 10, 2021. (*See* docs. 10, 15.)

## II.  VOLUNTARY DISMISSAL

Although Plaintiff initially sought to voluntarily dismiss his case under Fed. R. Civ. P. 41(a)(1)(A)(i), he concedes that Rule 41(a)(2) applies because Defendant answered in the state action prior to removal. (*See* doc. 9; doc. 15 at 2.)

Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure provides that a plaintiff may dismiss his action without a court order by filing a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment. Here, Defendant filed an answer in state court prior to removal, which precludes voluntary dismissal by notice. *See In re Amerijet Intern., Inc.,* 785 F.3d. 967, 974-75 (5th Cir. 2015). Accordingly, Plaintiff may only voluntarily dismiss his

2

action against Defendant without a court order by filing a stipulation of dismissal signed by it. Fed. R. Civ. P. 41(a)(1)(A)(ii).

Rule 41(a)(2) of the Federal Rules of Civil Procedure provides that after a defendant serves either an answer or a motion for summary judgment, and if it does not consent to voluntary dismissal, as here, an action may be dismissed on the plaintiff's request only by court order on terms it considers proper. Fed. R. Civ. P. 41(a)(2); *In re FEMA Trailer Formaldahyde Products Liability*, 628 F.3d 157, 162 (5th Cir. 2010); *Hyde v. Hoffmann-La Roche, Inc.*, 511 F.3d 506, 509 (5th Cir. 2007); *Elbaor v. Tripath Imaging, Inc.*, 279 F.3d 314, 320 (5th Cir. 2002). If the defendant has filed a counterclaim, voluntary dismissal should generally be denied, unless the counterclaim can remain pending as an independent action. Fed. R. Civ. P. 41(a)(2). Unless the order otherwise states, a dismissal under Rule 41(a)(2) is without prejudice. *Id.*

The decision whether an action should be dismissed under Rule 41(a)(2) is within the sound discretion of the court. *Schwarz v. Folloder*, 767 F.2d 125, 129 (5th Cir. 1985) (citing *La-Tex Supply Co. v. Fruehauf Trailer Division*, 444 F.2d 1366, 1368 (5th Cir. 1971)). Notwithstanding this discretion, voluntary dismissals "should be freely granted unless the non-moving party will suffer some plain legal prejudice other than the mere prospect of a second lawsuit." *Elbaor*, 279 F.3d at 317 (citing *Manshack v. Southwestern Elec. Power Co.*, 915 F.2d 172, 174 (5th Cir. 1990)). The primary consideration is whether the non-movant would be prejudiced or unfairly affected. *Id.* at 317-18. "Absent such a showing or other 'evidence of abuse by the movant,' the motion should be granted." *United States ex rel. Vaughn v. United Biologics, L.L.C.*, 907 F.3d 187, 197 (5th Cir. 2018) (quoting *id.* at 317).

Courts have found plain legal prejudice when the plaintiff moves to dismiss the case at a late

3

stage of the proceedings after the parties have exerted significant time and effort, the plaintiff seeks to avoid an imminent adverse ruling, or if dismissal would cause the defendant to be stripped of an otherwise available defense if the case were to be re-filed. *See In re FEMA Trailer Formaldahyde Products Liab. Litig.*, 628 F.3d at 162-63; *Hartford Acc. & Indem. Co. v. Costa Lines Cargo Servs., Inc.*, 903 F.2d 352, 360 (5th Cir. 1990). Courts finding plain legal prejudice have often noted a combination of these factors. *See In re FEMA Trailer Formaldahyde Products Liab. Litig.*, 628 F.3d at 163 (affirming finding of prejudice based on the size and scope of a multiparty ligation where dismissal without prejudice was requested after trial date had been set for six months, it would require the court to re-align the parties, the re-alignment would almost surely add a different group of subsidiary defendants, the defendants would not be spared the continuing costs of legal defense because other plaintiffs remained, their investment in trial preparation would be wasted, and the other plaintiffs would be disadvantaged); *U.S. ex rel. Doe v. Dow Chemical Co.*, 343 F.3d 325 (5th Cir. 2003) (affirming a finding of prejudice where the plaintiff sought dismissal nine months after suit was filed, the parties had filed responsive pleadings, motions to compel, motions for expedited hearing, motions to dismiss, motions for oral arguments, and a motion for rehearing, the plaintiff's case could be construed as having been substantially weakened when the United States declined to intervene, and counsel had been sanctioned by the district court for failure to participate in the discovery process); *Davis v. Huskipower Outdoor Equip. Corp.*, 936 F.2d 193, 199 (5th Cir. 1991) (affirming finding of prejudice where motion to dismiss was filed after a year had passed since removal of the case, the parties had spent months filing pleadings, attending conferences, and submitting memoranda, and a magistrate judge had issued a recommendation adverse to the moving party's position); *Hartford Acc. & Indem. Co.*, 903 F.2d at 360 (affirming finding of prejudice where

dismissal was requested nearly ten months after removal of action, hearings had been conducted on various issues, significant discovery had occurred, a defendant had already been granted summary judgment, and a jury trial had been set for the remaining defendants); *compare John M. Crawley, L.L.C. v. Trans-Net, Inc.*, 394 F. App'x 76 (5th Cir. 2010) (finding no prejudice where only seven months had elapsed between removal and the motion to dismiss, no dispositive motions had been filed, and depositions had not begun).

Here, none of the relevant factors are present. Plaintiff moves to dismiss the case in the very early stages of litigation — less than four months after the lawsuit was filed in state court. There are no allegations that the time and effort Defendant has invested in defending this action are substantial, nor is there any allegation that it would be deprived of any defense. Additionally, there are no pending motions that could result in an imminent adverse ruling against Plaintiff.

Defendant contends that Plaintiff is attempting to have these claims joined in a federal lawsuit against it and SunPath that was filed by other plaintiffs in Delaware, and that he is attempting to evade the "first-to-file rule"[3] because that lawsuit was filed after the SunPath Case. (*See* doc. 10 at 3-4.) It has not shown how the potential application of the first-to-file rule based on a separate lawsuit will cause it legal prejudice if this case is voluntarily dismissed without prejudice, however. The Fifth Circuit has found that the mere fact that a plaintiff "may gain a tactical advantage by dismissing its suit without prejudice and refiling in another forum is not sufficient legal prejudice." *Bechuck v. Home Depot U.S.A., Inc.*, 814 F.3d 287, 299 (5th Cir. 2016) (quotation

---

[3]The first-to-file rule provides that "when related cases are pending before two federal courts, the court in which the case was last filed may refuse to hear it if the issues raised by the cases substantially overlap." *Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d 599, 603 (5th Cir. 1999). It allows courts to "maximize judicial economy and minimize embarrassing inconsistencies by prophylactically refusing to hear a case raising issues that might substantially duplicate those raised by a case *pending* in another court." *Id.* at 604 (emphasis original).

omitted).  No plain legal prejudice to Defendants is apparent under the circumstances, other than the mere prospect of a second lawsuit. *See Elbaor*, 279 F.3d at 317.  The facts in this case do not rise to same level of time and effort exerted in those cases where plain legal prejudice has been found, and voluntary dismissal should be freely granted.[4]

### III.  RECOMMENDATION

Plaintiff's notice of dismissal of his claims without prejudice should be liberally construed as a motion to dismiss under Rule 41(a)(2) and **GRANTED**, and his claims against Defendant should be **DISMISSED** without prejudice.

**SO RECOMMENDED** on this 30th day of March, 2021.

*/s/ Irma Carrillo Ramirez*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[4]Without seeking leave of court, Plaintiff filed exhibits with his reply that were not initially filed with his motion. (*See* doc. 15-1.) The Local Civil Rules for the Northern District of Texas do not permit the filing of evidence in support of a reply. *See* L.R. 7.1(f) (permitting the filing of a reply brief). A movant is not ordinarily permitted to introduce new evidence in support of a reply because such action deprives the non-movant of a meaningful opportunity to respond. *See Springs Industries, Inc. v. American Motorists Ins. Co.*, 137 F.R.D. 238, 239-240 (N.D. Tex. 1991). It is therefore not considered. *See id.* at 240 ("[W]here a movant has injected new evidentiary materials in a reply without affording the non-movant an opportunity for further response, the court [ ] retains the discretion to decline to consider them."). Even if considered, however, Plaintiff's new evidence would not change the recommendation.

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE